## BARLOW v. THE CHICAGO, ROCK ISLAND & PACIFIC R. R. COMPANY.

1. **Conveyance:** CONSTRUCTION: RAILROAD: RIGHT OF WAY. Conveyance to a railroad company in the following form: "Know all men by these presents, that we, Lewis Barlow and Ruth, his wife, of, etc., for the consideration of one dollar in hand paid by the M. & M. R. R. Co., do hereby grant and convey unto the said R. R. Co. the following piece or tract of land in Polk county, in the state of Iowa, and particularly described as follows: A strip of land through the south-west quarter of section number six, township number seventy-eight, north of range number twenty-three, one hundred feet in width, being fifty feet on either side of the center line of said road of said company, as located or to be located by its engineer, for the construction of said road from Iowa city to Des Moines; to have and to hold the same unto the said railroad company forever; *provided,* that, in case said company do not construct their road through said tract, or shall, after construction, abandon the route through said tract, the same revert to and become the property of the

Barlow v. Chicago, Rock Island and Pacific Railroad Company.

grantors. And the said Ruth hereby relinquishes her right of dower in the tract herein conveyed." It was contended that this was a deed in fee, and void, as such, for uncertainty of description. *Held*, in view of the intention of the parties, as gathered from the language of the entire instrument construed with reference to the situation of the parties and property, and applying the rule that a contract should be so construed as to uphold rather than defeat it, that the deed operated as a conveyance of a right of way, simply, and was, therefore, valid.

2. —— RAILROAD : RIGHT OF WAY : EASEMENT : NON-USER. It was further *held*, that the right of way thus conveyed, though before occupancy, was not a mere chose in action, but an interest in the land, which passed to the plaintiff upon the purchase by and conveyance to it of all the rights, titles, interests and franchises of the said M. & M. railroad company, such purchase and conveyance being for the purpose of constructing and operating the same line of road that the said M. & M. R. R. Co. was organized to construct.

3. —— It was also *held*, that the right of way in question was not forfeited or lost by a failure to occupy it for a period of thirteen years, growing out of delay in the construction of the road. The rule recognized, that mere non-user of an easement of this character, acquired by deed, will not operate to defeat or impair the right.

*Appeal from General Term, Fifth District (Polk County)*

WEDNESDAY, JULY 27.

PROCEEDINGS by plaintiff to recover for right of way through a quarter section of land, over which the defendant had constructed its road. Defendant by answer set up a grant of the right of way to its grantor by a former owner of the land. Demurrer to answer was sustained by the district court ; but on appeal to general term it was overruled, and plaintiff now appeals to this court.

*Polk, Hubbell & Barcroft*, for the appellant.

*Withrow & Wright*, for the appellee.

COLE, Ch. J.—The defendant sets up ownership of the right of way under the following conveyance : "Know all

1. CONVEYANCE: construction: railroad: right of way. men by these presents, that we, Lewis Barlow and Ruth, his wife, of Polk county, Iowa, for the consideration of one dollar to them in hand paid by the Mississippi and Missouri Railroad Company, a corporation organized under the laws of the state of Iowa, the receipt whereof is hereby acknowledged, do hereby grant and convey unto the said railroad company the following piece or tract of land in Polk county, in the state of Iowa, and particularly described as follows, to wit : a strip of land through the south-west quarter of section number six, in township number seventy-eight, north of range number twenty-three, west of the fifth principal meridian, one hundred feet in width being fifty feet on either side of the center line of said road of said company, as located or to be located by the engineers of the said railroad company, for the construction of the second division of said railroad from Iowa City, in Johnson county, to Fort Des Moines, in Polk county, Iowa : to have and to hold the same unto the said railroad company forever : *provided*, that in case said railroad company do not construct their road through said tract, or shall, after construction, permanently abandon the route through said tract of land, the same shall revert to and become the property of the grantors, their heirs or assigns. And the said Ruth Barlow hereby relinquishes her right of dower in the tract herein conveyed. Witness our hands and seals, this 23d day of September, 1853." This deed was duly executed, acknowledged and filed for record on the day of its date.

The answer further avers, that the defendant, through a mortgage thereof by the grantee and a judicial foreclosure of the same, became possessed of the rights of the said grantee in said conveyance, on the 6th day of August, 1866, and of all its rights, properties and franchises of every kind whatsoever, and had constructed and was

operating the railroad the M. & M. R. R. Co. was organized for and authorized to construct. That the plaintiff became the owner of said quarter section of land, by conveyance from said Lewis Barlow and wife, subsequent to the conveyance to the M. & M. R. R. Co. above set out, and with full notice thereof. The answer also states that the land included in the said conveyance to the M. & M. R. R. Co. was, when said deed was executed, and ever since has been, fenced and used for agricultural purposes by the grantor in said deed and those claiming under him.

The plaintiff demurred to this answer, substantially on these grounds : *First.* Said conveyance is in fee, and void, for uncertainty. *Second.* The right or title conveyed by the deed, did not and could not pass to defendant. *Third.* The right conveyed to the M. & M. R. R. Co. was abandoned, and also barred by the statute of limitations.

When we take into consideration the situation of the parties to the deed at the time it was made, and the property which is the subject-matter of their contract, and the intention and purpose of the parties in making it, together with the language of the entire deed, we have but little difficulty in construing the deed as a conveyance of a right of way simply. The provision of the deed that the property conveyed is "for the construction of the second division of said railroad," and "that in case said railroad company do not construct their road through said tract, or shall, after construction, permanently abandon the road through said tract of land, the same shall revert to and become the property of the grantors, their heirs or assigns," is a reasonably clear manifestation of the purpose of the grantor to convey a right of way merely. It was granted for " *the construction of the railroad,*" and of course to be used only for that purpose ; and the right or title conveyed was to "*revert*" when

the grantee ceased to use it for that purpose. The legal effect of the instrument is, therefore, no more than the conveyance of a right of way.

But, further than this, there is another rule of construction which requires that the contract should be supported rather than defeated; that is, a construction which would make the contract legal is preferred to one having an opposite effect. If, therefore, by construing the deed as a conveyance of the fee, it would be void for uncertainty of description, as appellant's counsel claim, while as a conveyance of a right of way it would be valid, the language of the deed admitting of it, we should adopt the latter view, although such construction might not be the most natural or reasonable upon the language alone.

The answer shows that this defendant, by purchase, became possessed of all the rights, titles, interests and franchises of the M. & M. R. R. Co.; that 2.—— railroad: such purchase was for the purpose of conright of way: structing and operating the same line of raileasement: road which the M. & M. R. R. Co. was organized to non-user. construct and operate, and for the construction of which said company had procured the deed from plaintiff's grantor. Under the second ground of demurrer, as above stated, the plaintiff's counsel claim that the interest of the M. & M. R. R. Co. was a mere right in action and not an interest in the land, and did not pass by the conveyance to defendant; and, further, that the grantee in the deed, if it was only of a right of way, had lost its right to fix the line of its easement by delay; that it should have been fixed in a reasonable time; and that more than thirteen years had elapsed before the conveyance to defendant.

That the conveyance was of the right of way, and hence of an interest in land, we have already held, as above. Under our statute (Rev. § 2208) the word

Barlow v. Chicago, Rock Island and Pacific Railroad Company.

"heirs" or other technical words of inheritance are not necessary to. create and convey an estate. The grantee takes the title of his grantor, although no such. words are used in the conveyance to the grantor. The defendant, by the conveyance under the judicial order or decree, became possessed of all the rights of the M. & M. R. R. Co., in the right of way in controversy. The deed itself prescribes no time within which the grantee must occupy its right of way or construct its road. In the absence of such stipulation, mere lapse of time, short of the statutory bar, would not defeat the right. Nor do we recognize any force in the objection that the line of the right of way was not "located by the engineer of· the said M. & M. R. R. Co.," but by the engineer of the defendant, the C., R. I. & P. R. R. Co. In the absence of any manifest intent to rely upon the personal qualifications of a particular engineer, the grantee of the M. & M. R. R. Co., would have the same right to have its engineer locate the line, as would that company have had provided no alienation had been made.

As to the statute of limitations, it is laid down as a general rule, that if the easement has been acquired by deed, no length of time of mere non-user will operate to impair or defeat the right. Washb. on Eas. and Serv. 640, and authorities cited. In this case there was no use of the premises *adverse* to the defendant's right. And, as we have seen, the alienation of the right of way by the grantee thereof was not, nor was the failure to enter upon and use the same, an abandonment of it.

The judgment of the general term overruling the demurer and reversing the judgment of the district court is·

Affirmed.