### NATHANIEL LEWIS *vs.* JOHN BEATTIE & another.

The owner of two lots of land and of a way separating them conveyed, on the same day, one of the lots to J. S. by deed bounding it by the way; and the other to another person by deed bounding it "by land this day conveyed to J. S.," and describing it as "including a way which runs along the side of this lot and adjoining the land conveyed to J. S." *Held,* that J. S. had an easement in the way.

TORT for obstructing the plaintiff's easement in a way leading from a highway along the easterly side of his land in Fall River.

At the trial in the superior court, before *Wilkinson*, J., it appeared that Rhoda W. Strobridge and others, heirs of Benjamin D. Davol, on June 20, 1864, conveyed to the plaintiff, by warranty deed, a lot of land bounded by a line running easterly "to a forty foot way," and thence southerly "by said way;" and on the same day conveyed to William H. Jennings, under whom the defendants claimed, a lot of land lying east of that conveyed to the plaintiff, bounded by a line running westerly "to land this day conveyed to" the plaintiff, thence northerly "by land this day conveyed to" the plaintiff, and described as "containing two acres and one hundred and forty-nine rods of land, including a way forty feet wide, which runs along the westerly side of this lot and adjoining the land conveyed to" the plaintiff.

The defendants admitted that they had obstructed the forty feet way, but denied that under the above mentioned deeds the plaintiff had any easement therein, and requested the judge so to rule; but the judge refused so to rule, and directed a verdict for the plaintiff for nominal damages, which was returned, and the defendants alleged exceptions.

*J. C. Blaisdell,* for the defendants.

*E. H. Bennett & H. J. Fuller,* for the plaintiff, besides the cases cited in the opinion, referred to *Parker* v. *Smith*, 17 Mass. 413 ; *Tufts* v. *Charlestown*, 2 Gray, 271 ; *Farnsworth* v. *Taylor*, 9 Gray, 162; *Rodgers* v. *Parker*, Ib. 445.

WELLS, J. The deed to the plaintiff from the heirs of Davol, under whom both parties have their title, described the land conveyed as running to and bounding on a way forty feet wide. The grantors were owners of the fee covered by the way mentioned. Standing by itself, this deed would carry the title to the middle of the strip described as a way ; with an easement of way over the other half ; and subject to a like easement reserved to the grantors over the half conveyed ; as well as to whatever rights of way existed in others at the time. *Fisher* v. *Smith*, 9 Gray, 441. *Winslow* v. *King*, 14 Gray, 321.

The deed of the adjoining land to Jennings, through whom the defendants derive title, although bounded upon the land " conveyed this day " to the plaintiff, purports to include the entire width of the way of forty feet. The defendants contend that the two deeds are to be construed together ; and that upon such construction the plaintiff's land must be held to be bounded by the side of the way.

But it is not necessary, for the decision of the present suit, to determine this question of title ; as, in either aspect, we think the result would be the same. The action is for the obstruction of an alleged easement of way, not for a trespass upon land. Construing the two deeds together, and assuming as correct the construction contended for by the defendants, that the fee of the entire width of the way passed to Jennings, and that the plaintiff's land is bounded by the side of the way, still an easement of way over the whole width of forty feet is carried by the terms of both deeds. Both deeds declare it to be a way. The effect of those terms in the deeds is, that, by the deed to the plaintiff, the right to use it as a way passed to him ; and, by the deed to Jennings, the land passed as land subject to such use. It is not material to this operation of the deeds whether the division line of the land runs upon the side, or in the middle, or any other part

of the way. The right of way is defined by the description of the way, and not by the boundaries of the land conveyed. This is clearly established by the discussion in the opinion of Mr. Justice Dewey in *Howe* v. *Alger*, 4 Allen, 206, and the other authorities cited by the plaintiff's counsel.

It being admitted that, if the plaintiff had an easement in the way mentioned in the deeds, the defendants had obstructed the same, it follows that the plaintiff is entitled to recover.

                                                *Judgment on the verdict.*