[No. 1329.]

### R. H. LINDSAY, Respondent, v. J. E. JONES, Appellant.

CONSTRUCTION OF DEED—EASEMENT—ESTOPPEL.—Where the owner of an alley and adjoining lots conveys part of them, describing them as fronting on a certain street, and "with a depth of eighty-five feet to an alley fifteen feet in width," the deed carries title to the middle of the alley, with an easement of way over the other half, the grantor having a like easement over the other half conveyed, and such grantor and his heirs are estopped from asserting any claim or doing any acts inconsistent with the grantee's use of such easement.

APPEAL from the District Court of the State of Nevada, Washoe county.

*R. R. Bigelow*, District Judge.

The facts sufficiently appear in the opinion.

*Clarke & Jones*, for Appellant

I. The deed, the construction of which is involved, does not, in terms, grant an easement in the alley. It grants

"eighty-five feet to the alley," not ninety-two and one-half feet to the center of the alley, which necessarily excludes the inference that the alley, or any part of it, was intended to be conveyed. (*Railroad Co.* v. *Heisel*, 38 Mich. 62, 72; *Smith* v. *Slocomb*, 9 Gray, 36; *Sibley* v. *Holden*, 10 Pick. 249; *Phillips* v. *Bowers*, 7 Gray, 21; *Hughes* v. *R. R. Co.*, 2 R. I. 508; *Hoboken Land Co.* v. *Kerrigan*, 31 N. J. 13; *Anderson* v. *James*, 4 Rob. Sr. Ct. (N. Y.) 35; *Halsey* v. *McCormack*, 13 N. Y. 296; *Howard* v. *Ungersoll*, 13 How. 381; *Lough* v. *Machlin*, 40 Ohio St. 332; *Peabody Heights Co.* v. *Saller*, 53 Md. 533; *Tyler* v. *Hammond*, 11 Pick. 193; *Secconi* v. *Rodden*, 147 Mass. 164; *People* v. *Board of Supervisors*, 125, 111, 9, 23, 24, 25.) The alley is a mere private way, in no sense public or belonging to the public. (*Lough* v. *Machlin*, 40 Ohio St. 332.) The intentions of the parties as expressed in the deed must govern. Mere presumptions must yield to this expressed intention. (Devlin on Deeds, Sec. 1025; 13 Pick. 261.)

*R. H. Lindsay*, in *pro. per.* for Respondent.

I. This is an appeal from the judgment. There is no statement on appeal or bill of exceptions in the record. Besides the right acquired by grant, the complaint demands relief by reason of a prescriptive right of easement, which cause of action appellant entirely ignores. There being no findings before this court, it will imply them and presume that the court below found for plaintiff on the question of prescription raised by the pleadings and such findings would sustain the decree.

II. The rule announced in the lower court: "If the alley existed then the plaintiff has a right to have it remain; if it did not exist, he must have intended to give the purchaser to understand that there should be one of that size. Such an alley added, doubtless, to the value of the property, and was probably one of the inducements for the grantee to purchase. The fact that the land conveyed is described as being eighty-five feet in width does not change the rule," is sustained by innumerable authorities. (*Stone* v. *Brooks*, 35 Cal. 498–501; *Kittle* v. *Pfeiffer*, 22 Cal. 489; *O'Linda* v. *Lothrop*, 21 Pick. 292; *Cin.* v. *White's Lessees*, 6 Pet. 431; *Irwin* v. *Dixon*, 9 How. U. S. 31; *U. S.* v. *Chicago*, 7 How. U. S. 186; *Rowan* v. *Town of Portland*, 8 B. Monr. 235; *City of Logansport* v. *Dunn*, 8 Ind.

378; *Breed* v. *Cunningham*, 2 Cal. 368; *Harding* v. *Jasper*, 14 Cal. 642.) By a well known rule of construction measurements will yield to monuments, etc. (*Newhall* v. *Irison*, 8 Cush. 589; *Colton* v. *Seavey*, 22 Cal. 503, and authorities cited.)

By the Court, BELKNAP, C. J.:

This is an action to abate the obstruction of plaintiff's easement in an alley. Defendant was the owner of the land upon which the alley is located, and of the adjoining land, and made a deed of conveyance to plaintiff's grantor, describing the premises as follows: "The east 85 feet of lots 4, 5 and 6 in block two in Lake's south addition to said town of Reno, county of Washoe, state of Nevada, as known and designated in the map of said Lake's south addition made from a survey by A. J. Hatch in 1872, each of the lots hereby conveyed fronting fifty feet on the west line of Center street, with a depth of 85 feet to an alley fifteen feet in width."

The only question in the case is as to the construction of this language. The case of *Lewis* v. *Beattie*, 105 Mass. 410, will serve to show the construction applied by the courts to similar language in conveyances. There the deed described the land conveyed as running to and bounding on a way forty feet wide. The grantors were the owners of the fee covered by the way. The court said: "Standing by itself, this deed would carry the title to the middle of the strip described as a way, with an easement of way over the other half, and subject to a like easement reserved to the grantors over the half conveyed, as well as to whatever rights of way existed in others at the time."

Another principle equally well established and conclusive arises out of the doctrine of estoppel. It is thus stated in *Howe* v. *Alger*: "A grantor of land describing the same by a boundary on a street or way, if he be the owner of such adjacent land, is estopped from setting up any claim or doing any acts inconsistent with the grantee's use of the street or way; and such estoppel will apply to his heirs, or those claiming under him." (4 Allen, 211.)

Judgment affirmed.

BIGELOW, J., did not participate in the foregoing decision, having presided at the trial of the case below.