CITY MOTEL, INC., A CORPORATION; JOHANNES N. PEDERSEN, AKA JOHN N. PEDERSEN AND RUTH PEDERSEN, HIS WIFE; FRED HILL AND MARJORIE HILL; JOSEPH D. HALL; HELEN LEGGETT; MARY ELSIE MAY WELLESLEY AND JUNE ROSE MAY HIGLEY; LOUIS BENETTI AND RITA BENETTI, APPELLANTS, v. STATE OF NEVADA, EX REL. STATE DEPARTMENT OF HIGHWAYS, RESPONDENT.

No. 4099

March 4, 1959

336 P.2d 375

*Guild, Busey and Guild,* of Reno, for Appellants City Motel, Inc., Joseph D. Hall, Louis Benetti and Rita Benetti.

*Ernest S. Brown,* of Reno, for Appellants Johannes N. Pedersen, aka John N. Pedersen and Ruth Pedersen.

*Springmeyer and Thompson,* of Reno, for Appellant Helen Leggett.

*Goldwater, Taber and Hill,* of Reno, for Appellants Fred Hill and Marjorie Hill.

*John S. Halley,* of Reno, for Appellants Mary Elsie May Wellesley and June Rose May Higley.

*Sidney W. Robinson,* of Reno, and *Harvey Dickerson,* Attorney General, for Respondent.

## OPINION

By the Court, MCNAMEE, J.:

This is an action brought by the State to quiet title to certain land described in the complaint. The State's claim of title stems from deeds, made in 1872 to the Virginia and Truckee Railroad Company wherein the

grantors were Thomas Hayden and wife, A. J. Hatch and wife, M. C. Lake, and George Deremer.

The said 1872 deeds all contained in the granting clauses the following language:

"* * * has granted, bargained, sold, aliened, remised, released, conveyed and confirmed, and by these presents does grant, bargain, sell, alien, remise, release, convey and confirm unto the said party of the second part and to its assigns, forever, *all that certain right of way* over and through the lands hereinafter described of said first party, and *all that certain piece of land hereinafter described* for the purpose of said right of way." (Emphasis added)

It is the contention of all of the appellants that the said deeds conveyed to the Railroad Company not a fee simple title to the particular land described therein, but only an easement for the purpose of a right of way and for the incidents of use and control in connection with such principal purpose. If such be the case, the appellants, except appellants Wellesley and Higley, would now claim title to the land as abutting owners free of any easement. Appellants Wellesley and Higley under these circumstances would base their claim of title to that portion of the land described in the George Deremer deeds as his sole surviving heirs not only as against the State as the successor in interest of the Railroad Company, but also as against those appellants (Leggett, Hill and wife, and Hall) whose claim of title is founded on deeds from George Deremer. On the other hand it is the State's contention that said deeds conveyed to the Railroad Company a fee title to the land itself, and therefore the cessation of use of the same as a railroad right of way would in no way affect their title. We must first determine which of these two contentions is correct.

A railroad ordinarily does not hold in fee the land over which its right of way is constructed and maintained but merely an easement for such right of way whether such land is acquired by eminent domain or otherwise; that it might hold more than an easement

is never presumed. 3 Nichols, Eminent Domain, sec. 11.1 (3d ed. 1950; 2 Thompson, Real Property, sec. 461 (Perm. Ed.).

It is the intent of the parties to the deeds, which, in this case, must determine the nature and extent of the estate conveyed to the Railroad Company, and inasmuch as the facts herein have been settled by written stipulation, that intent can be ascertained only from the language of the deeds themselves. 74 C.J.S. Railroads, sec. 84a, p. 473.

Where a deed recites that the interest being conveyed is a "right of way" over land particularly described, the law is well settled that the estate so conveyed amounts to a mere easement over that land. Lockwood v. Ohio River R. Co., 103 F. 243 (4th Cir.), cert. denied 180 U. S. 637, 45 L.Ed. 710, 21 S.Ct. 920; City of San Gabriel v. Pacific Electric R. Co., 129 Cal.App. 460, 18 P.2d 996; Louisville & N. R. Co. v. Maxey, 139 Ga. 541, 77 S.E. 801; 2 Thompson, Real Property, sec. 462 (Perm. Ed.).

Where, however, there is a grant of a particular parcel of land with the designated purpose that it be used as a right of way, it is held by some authorities that such a deed passes a fee simple title to the land itself. Johnson v. Valdosta M. & W. R. Co., 169 Ga. 559, 150 S.E. 845; Radetsky v. Jorgensen, 70 Colo. 423, 202 P. 175, rehearing denied; Stevens v. Galveston H. & S. A. R. Co. (Tex.), 212 S.W. 639.

Other authorities conclude that even under these circumstances only an easement passes to the grantee. Sherman v. Petroleum Exploration, 280 Ky. 105, 132 S.W.2d 768, 132 A.L.R. 137; Noel Estate v. Kansas City Southern & G. R. Co., 187 La. 717, 175 So. 468, 132 A.L.R. 160; Barlow v. Chicago, R. I. & P. R. Co., 29 Iowa 276, 132 A.L.R. 159.

We are inclined to this latter view because we believe it more nearly effectuates the intent of the parties. In Magnolia Petroleum Co. v. Thompson, 106 F.2d 217

(8th Cir.), 132 A.L.R. 150, (reversed on other grounds 309 U.S. 478, 84 L.Ed. 876, 60 S.Ct. 628), the court in holding that deeds to a railroad company which conveyed a strip of land for a "right of way" conveyed only an easement, said:

"An examination of the deeds under consideration— is, we think, convincing that—the clear intent, expressly stated, was to convey to the railroad company only a right of way easement for its railroad, and not a fee. The language used to describe the easement is apt and appropriate for that purpose and no other. It designates the land to be subject to the use—'a strip of land 60 (66) feet wide—over and across'; it describes the use permitted—'for a right of way for said railroad.' This language makes it perfectly clear that the parties met for the sole purpose of contracting for a railroad right of way."

In Sherman v. Petroleum Exploration, supra, the court said:

"We think it may be well said that an indefinite or ambiguous conveyance of land specifically for a railroad right of way is in its interpretation subject to the influence of a general knowledge that much railroad right of way is expressly or by operation of law limited to an easement, which has been usually found sufficient for the purposes desired."

In State ex rel. State Highway Commission v. Griffith, 342 Mo. 229, 114 S.W.2d 976, 981, 132 A.L.R. 151, the court, construing the use of the words "right of way" as effectuating an easement, said:

"* * * but, if all purpose use was in contemplation, then why insert the language 'for right of way for said railroad'?"

If said deeds to the Railroad Company had contained only a conveyance of a right of way or only the conveyance of a parcel of land with a designated purpose, what we have heretofore said with reference to each would be determinative. But here the deeds contained both.

The State argues that if only the grant of an easement was intended, that would have been accomplished by the grantors conveying "all that certain right of way," with no further designation of the estate being conveyed. But when the grantors add: "and all that certain piece of land hereinafter described for the purpose of said right of way," they must have intended to convey something in addition to what already was conveyed, and this "something in addition" could only have been the fee simple to the land in question.

We are not in accord with this conclusion of the State. In our opinion the words of conveyance "all that certain right of way" followed by the words "and all that certain piece of land hereinafter described for the purpose of said right of way" do not enlarge the easement to the stature of a fee simple interest in the land, but merely enlarge the nature of the easement itself making it an easement not only for the purpose of a right of way, but also for the exclusive use and control of the land so long as the right of way exists.

The following authorities support this view: Alabama G. S. R. Co. v. McWhorter, 202 Ala. 455, 80 So. 839; Vermilya v. Chicago, M. & St. P. R. Co., 66 Iowa 606, 24 N.W. 234.

Having determined that the Railroad Company through said deeds received only easements over the lands described therein,[1] we must next recognize the fact that the easements and the rights incident thereto have terminated by reason of the following stipulated facts:

On May 31, 1950, pursuant to authorization from the

---

[1]In view of our conclusion that the deeds conveyed only an easement to the Railroad Company it is unnecessary to determine whether certain statutes, Nev. Stat. 1865, c. 146, p. 427 (NCL 1929, secs. 6235–6292), in effect at the time Virginia & Truckee R. R. Co. first acquired an interest in the disputed "right of way" from the heretofore-mentioned original grantors, limited a railroad from any greater interest than an easement in lands acquired for right of way purposes.

Public Service Commission of the State of Nevada, which action was approved by the Interstate Commerce Commission, the Virginia & Truckee Railway (successor in interest to Virginia and Truckee Railroad Company) ceased operations as a railroad over the lands in question, removed its railroad tracks therefrom on October 1, 1950, and thereafter conveyed all its rights and interests in the land (with certain exceptions) to the State of Nevada which does not intend to use the property for railroad purposes. Neither the Virginia and Truckee Railway nor its grantee, the State, has been in actual physical occupancy of said property since, but only in constructive possession under their claim of title.

As stated by the court in Mammoth Cave National Park Association v. State Highway Commission, 261 Ky. 769, 88 S.W.2d 931, 935:

"The record clearly discloses that the railroad company, by abandoning the use of its railroad, tearing up and removing its tracks, and attempting to convey the land to others to be dedicated to other purposes, abandoned its right of way, and the lands thereupon reverted to the grantor or their successors in title."

Or in other words, an easement for railroad purposes is abandoned under such circumstances and the owner of the dominant fee thereafter holds such fee, and also the fee of the servient estate to the center thereof free of the burden of the easement. United States v. Magnolia Petroleum Co., 110 F.2d 212 (10th Cir.); Brown v. Weare, 348 Mo. 135, 152 S.W.2d 649, 136 A.L.R. 286; Jones v. Van Bochove, 103 Mich. 98, 61 N.W. 342.

It is stipuated that all of the appellants, other than appellants Wellesley and Higley, are the successors in interest of the grantors (Thomas Hayden and wife, A. J. Hatch and wife, M. C. Lake, and George Deremer) in those deeds to the Railroad Company hereinabove considered, with respect to the land abutting on the said right of way. Therefore, if there was nothing in the

deeds from any of their predecessors in interest excepting the legal title to that part of the right of way abutting their land which was dominant thereto, then as present owners of the dominant fee relieved of the burden of the easement, their fee encompasses not only the fee of the particular land described in the instrument under which they base their title but also the fee to the center of the right of way bordering thereon.

With respect to the appellants, City Motel, Inc., a corporation, Johannes N. Pedersen, Ruth Pedersen, Louis Benetti, and Rita Benetti, and with respect to appellant Helen Leggett as to parcel 1 described in her answer and cross-claim, there was no adverse claim by appellants Wellesley and Higley or by any party other than the State and Virginia & Truckee Railway to the fee to the right of way (i.e., to the center thereof) bordering their lands; thus they are entitled to a decree quieting title thereto as against the State and against Virginia and Truckee Railway. 28 C.J.S. Easements, sec. 58, p. 723, n. 60; accord Blanding v. City of Las Vegas, 52 Nev. 52, 280 P. 644, 68 A.L.R. 1273; accord Lindsay v. Jones, 21 Nev. 72, 25 P. 297.

Appellants Wellesley and Higley, while admitting that the appellants Hill and wife, Leggett, and Hall own certain of the land abutting the railroad right of way received through mesne conveyances from George Deremer, dispute the claim that these latter named appellants are entitled to any part of the fee of the land on which the right of way was an easement, contending that the deeds from their ancestor George Deremer, to the predecessors in interest of appellants Leggett, Hill et ux., and Hall expressly excepted or limited the description so as to exclude the right of way land, and therefore upon termination of the easement, the fee simple estate in such right of way land passed to them as the sole heirs of said George Deremer. It thus becomes necessary to consider the granting clauses in the deeds from George Deremer to the predecessors in interest of appellants Leggett, Hill et ux., and Hall.

Appellant Leggett claims title to parcels 2, 3, 4, and 5 of the five[2] parcels described in her answer and cross-claim through a deed from George Deremer to Mary Deremer made after his grant of the easement to the Railroad Company as aforesaid. This deed included in the description of the land being conveyed the land on which the right of way then existed, and contained the following: "* * * saving and excepting therefrom the rights of way for the Virginia and Truckee Railway Company * * *."

If these quoted words have the legal effect of excepting from the conveyance the fee of the land on which the right of way existed (and such is the contention of appellants Wellesley and Higley) then of course that fee, in the absence of any other conveyance thereof, would remain in the name of George Deremer and on his death would pass to his heirs. In our opinion such was not the case.

The words "saving and excepting" refer to something in esse at the time and are meant to exclude from the operation of the grant some existing portion of the estate granted which would otherwise pass under the general description of the deed. Inasmuch as George Deremer had already conveyed to the Railroad Company only the easement of the servient fee, which in his deed to the Railroad Company he had described as "all that certain right of way" and "all that certain piece of land hereinafter described for the purposes of said right of way," thereby creating a new and different interest in land, to wit, an easement for a right of way and for the incidents of use in connection therewith, it is clear to us that having already created and conveyed this new estate and describing it as aforesaid, he then in such later conveyance to Mary Deremer intended to exclude it and only it by his use of the similar words of description, to wit: the "rights of way for the Virginia and Truckee Railway Company."

---

[2]As to parcel 1 thereof Mary Deremer was not a predecessor in interest and therefore appellants Wellesley and Higley claim no interest thereto.

Having excepted from his deed to Mary Deremer only the easement for the right of way, which he had already conveyed to the Railroad Company, the fee of the servient estate necessarily passed since it was embodied within the description of the land conveyed. Shell Petroleum Corporation v. Ward, 100 F.2d 778 (5th Cir.); Paine v. Consumers' Forwarding & Storage Co., 71 F. 626 (6th Cir.); Penn. v. Holland, (Tex.Civ.App.) 105 S.W.2d 351, rehearing denied.

We have thus disproved and disposed of the contentions of appellants Wellesley and Higley with respect to the property of appellant Helen Leggett.

The appellants Hill et ux. and Hall are successors in interest of one Andrew Litch, and, in his deed to Andrew Litch, George Deremer described the land being conveyed by metes and bounds with no inclusion of any part of the right of way and as "all the land lying between the right of way of the Virginia and Truckee Railroad Company as heretofore conveyed by said first party and the county road." Appellants Wellesley and Higley contend that by this description the grantee took only to the border of the right of way, that the grantor retained his interest in the fee of the right of way, and that as heirs of the grantor they are now the owners of the servient fee free of the easement.

There is a line of authorities that supports their view in this respect. Stuart v. Fox, 129 Me. 407, 152 Atl. 413; Joens v. Baumbach, 193 Cal. 567, 226 P. 400; Gosstol Realty Corporation v. Gillman, 224 App.Div. 63, 229 N.Y.S. 201; see 2 A.L.R. 6, 28.

On the other hand there are many cases which hold that where the parcels conveyed are described by metes and bounds with no reference to the adjoining right of way except as being one of the boundary lines to the land conveyed, the grantor conveys title to his grantee to the center of the right of way unless a contrary intent appears. Paine v. Consumers' Forwarding & Storage Co., supra; McPherson v. Monegan, 120 Mont. 454, 187 P.2d 542; City of Nashville v. Lawrence, 153 Tenn. 606, 284

S.W. 882, 47 A.L.R. 1266; See 49 A.L.R.2d 982, 1017–1030. This we think to be the general rule when the grantor owns the land to the center of the right of way. 11 C.J.S. Boundaries, sec. 45, p. 594, see 6 Thompson, Real Property, secs. 3396, 3400 (Perm Ed.). Having already reached the conclusion that the deed from George Deremer to the Railroad Company did not pass a fee simple title to the land, we further conclude that his subsequent deed to Andrew Litch and the mesne conveyances that followed down to the appellants Hill et ux. and Hall gave the grantees fee simple title to the center line of the adjacent right of way.

Judgment is reversed and the trial court is directed to enter judgment in favor of all of the appellants, except appellants Wellesley and Higley, quieting their title to the lands in question as against the State and Virginia & Truckee Railway, and with respect to appellants Leggett, Hill et ux., and Hall also quieting their title as against appellants Wellesley and Higley.

MERRILL, C. J., and BADT, J., concur.

---

ON PETITION FOR REHEARING AND MOTION
TO AMEND AND MODIFY JUDGMENT

April 1, 1959                                    337 P.2d 273

## OPINION

*Per Curiam:*

A petition for rehearing and a motion to amend judgment was filed herein on behalf of Savina Sala, one of the defaulting defendants below who is not a party to this appeal.

The petition prays that the judgment be revised and modified so as to reverse the judgment not only as to the appealing defendants but also as to Savina Sala "and all other defaulting and non-appealing defendants as to any portion of the 'right of way' descending from Thomas Hayden and wife, A. J. Hatch and wife, M. C. Lake, and George Deremer."

Petitioner contends that the trial court's judgment was joint as to all defendants including the defendants in default, and that a reversal on the appeal by certain of those defendants who appeared below, inures to the benefit of all defendants. She adds that the judgment of reversal inures to her benefit without any specific declaration by this court.

Respondent has moved to strike this petition for rehearing and to deny said motion to amend upon the ground that petitioner is not a party appellant and as such has no standing before this court.

In determining the appeal in this case the court considered the pleadings, the evidence, and the stipulations

of the appellants and respondent. None of these parties has requested a rehearing or an amendment of the judgment. The successful appellants are therefore entitled to have issued a remittitur to the court below upon the expiration of fifteen days without further delay in the enjoyment of their adjudicated rights.

The matters presented by petitioner herein are not within the scope of a petition for rehearing as contemplated by Rule XV of Rules of the Supreme Court and as pointed out in the case of Gershenhorn v. Stutz on Petition for Rehearing, 72 Nev. 312, 306 P.2d 121. Furthermore, petitioner, not being a party to the appeal, is under the circumstances precluded from moving to amend the judgment.

Respondent's motion to strike the petition for rehearing is granted, and petitioner's motion to amend is denied.