# IN THE SUPREME COURT OF THE STATE OF NEVADA

TYRONE & IN-CHING, LLC, A
CALIFORNIA LIMITED LIABILITY
COMPANY,
Appellant,
vs.
DEUTSCHE BANK NATIONAL TRUST
COMPANY,
Respondent.

No. 77542

FILED

OCT 16 2020

CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; David M. Jones, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.[1]

The district court correctly determined that the foreclosure sale did not extinguish respondent's deed of trust because the trustee's deed expressly stated that the HOA was conveying only "that portion of its right, title and interest secured by the non-priority portion of its lien." *Cf. City Motel, Inc. v. State ex rel. State Dep't of Highways*, 75 Nev. 137, 141, 336 P.2d 375, 377 (1959) ("It is the intent of the parties to the deeds which . . . must determine the nature and extent of the estate conveyed . . . and . . . that intent can be ascertained only from the language of the deeds themselves."). Although appellant contends that an HOA cannot foreclose on only the subpriority portion of its lien when the superpriority portion has not been satisfied, appellant has not identified

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

20-38012

any provision in the Uniform Common Interest Ownership Act that prohibits the HOA from making such a choice.[2] *Cf. SFR Invs. Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. 742, 748, 334 P.3d 408, 412 (2014) (observing that the Uniform Common Interest Ownership Act's "split-lien approach represents a 'significant departure from existing practice'" (quoting 1982 Uniform Common Interest Ownership Act, § 3-116 cmt. 1 and 1994 & 2008 Uniform Common Interest Ownership Acts, § 3-116 cmt. 2)). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

cc: Hon. David M. Jones, District Judge
Janet Trost, Settlement Judge
Hong & Hong
Fidelity National Law Group/Las Vegas
Eighth District Court Clerk

---

[2]We observed in *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. 742, 757-58, 334 P.3d 408, 418-19 (2014), that NRS 116.1104 prohibits an HOA from using its CC&Rs to perpetually waive its statutory right to assert lien priority over a first deed of trust. However, appellant has not presented any authority to support the proposition that NRS 116.1104 prohibits an HOA from choosing on a case-by-case basis to foreclose on only the subpriority portion of its lien, as happened here. Our decision in *Bank of America, N.A. v. Thomas Jessup, LLC Series VII*, Docket No. 73785 (Order Affirming in Part, Reversing in Part, and Remanding, May 7, 2020), is distinguishable because in this case, the HOA made a deliberate choice to foreclose on only the subpriority portion of its lien.