# IN THE SUPREME COURT OF THE STATE OF NEVADA

U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF STRUCTURED ASSET MORTGAGE INVESTMENTS INC. BEAR STEARNS ALT-A TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-3,
Appellant,
vs.
BOURNE VALLEY COURT TRUST,
Respondent.

No. 80494

FILED

DEC 16 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Tierra Danielle Jones, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we reverse and remand.[1]

In *U.S. Bank National Ass'n v. Bourne Valley Court Trust*, Docket No. 74297, we reversed an earlier summary judgment in favor of respondent because appellant had introduced prima facie evidence that the HOA foreclosed on only the subpriority portion of its lien, such that the foreclosure sale may not have extinguished the first deed of trust. On remand, the district court again entered summary judgment for respondent, reasoning that because the winning bid exceeded the HOA's entire lien amount, the sale was necessarily a superpriority foreclosure. Relatedly, the

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

20-45548

district court reasoned that an HOA is legally prohibited from conducting a subpriority-only sale when the superpriority portion of the HOA's lien has not been satisfied.

We conclude that the bases for the district court's judgment were erroneous and that appellant is entitled to a judgment that the first deed of trust survived the HOA's sale. Neither the district court nor respondent has provided any supporting authority for the proposition that a winning bid exceeding the entire lien amount necessarily renders the foreclosure sale a superpriority sale.[2] In contrast, the record contains evidence that: (1) the HOA's agent instructed the auctioneer to announce that the HOA was foreclosing on only the subpriority portion of its lien, (2) the auctioneer made that announcement, (3) the deed that respondent's predecessor received explicitly stated that the HOA was conveying only its subpriority interest in the property, and (4) the HOA reaffirmed in the underlying litigation that it intended to foreclose on only the subprioirity portion of its lien. *Cf. City Motel, Inc. v. State ex rel. State Dep't of Highways*, 75 Nev. 137, 141, 336 P.2d 375, 377 (1959) ("It is the intent of the parties to the deeds which . . . must determine the nature and extent of the estate conveyed . . . and . . . that intent can be ascertained only from the language of the deeds themselves.").

Relatedly, to the extent respondent urges us to affirm the judgment on the second basis accepted by the district court, respondent has not identified any provision in the Uniform Common Interest Ownership

---

[2]Although Heather Oliver testified that she believed "the full lien was paid," the record contains no evidence indicating how the foreclosure sale proceeds were distributed, much less any evidence indicating that the sale was necessarily a superpriority sale.

Act that prohibits the HOA from choosing to conduct a subpriority-only sale when the superpriority portion of its lien has not been satisfied. *Cf. SFR Invs. Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. 742, 748, 334 P.3d 408, 412 (2014) (observing that the Uniform Common Interest Ownership Act's "split-lien approach represents a 'significant departure from existing practice'" (quoting 1982 Uniform Common Interest Ownership Act, § 3-116 cmt. 1 and 1994 & 2008 Uniform Common Interest Ownership Acts, § 3-116 cmt. 2)). In this respect, although we observed in *SFR Investments* that NRS 116.1104 prohibits an HOA from using its CC&Rs to perpetually waive its statutory right to assert lien priority over a first deed of trust, 130 Nev. at 757-58, 334 P.3d at 418-19, nothing in the UCIOA appears to prohibit an HOA from choosing on a case-by-case basis to foreclose on only the subpriority portion of its lien, as happened here.[3] In light of the foregoing, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

---

[3]The district court relied on *Wells Fargo Bank, N.A. v. Radecki*, 134 Nev. 619, 622, 426 P.3d 593, 597 (2018), wherein we recognized that a party's mistaken subjective belief as to a foreclosure sale's legal effect cannot change the sale's actual effect. We are not persuaded that *Radecki* controls because in this case, the evidence showed that the HOA made a deliberate choice to foreclose on only the subpriority portion of its lien.

cc: Hon. Tierra Danielle Jones, District Judge
Smith Larsen & Wixom
Law Offices of Michael F. Bohn, Ltd.
Eighth District Court Clerk