## Hall *versus* McCaughey.

1. The owners of a number of inlots, composing a square bounded by four public streets in the town of Erie, agreed to lay out an alley twenty feet wide through the square, each owner giving ten feet of his lot "to be kept open for a street or alley for ever—not to be obstructed in any way." *Held*, not to be an easement nor a public highway, but a private alley, in which the owner of each lot had a right.

2. *Held*, also, that one of the owners having built a barn on the ten feet in the rear of his lot, was liable to another owner in damages for obstructing the alley.

3. *Held*, also, that a previous sale of the lot for taxes did not pass the ten feet dedicated for the alley.

4. Non-user of the alley for twenty-one years would not work the forfeiture of the right of the owners of the other lots to the use of the alley.

ERROR to the Court of Common Pleas of *Erie county*.

In the court below this was an action on the case brought by McCaughey, the defendant in error, against Hall, the plaintiff in error, for nuisance in obstructing a private alley.

On the 6th February 1837 several persons, being the owners of a square of inlots between Eighth and Ninth streets and Sassafras and Myrtle streets, in the town of Erie, by an agreement in writing duly executed, acknowledged, and recorded, did "lay out an alley of twenty feet wide, running from Myrtle to Sassafras, east and west; and further, each and every one of us do hereby give ten feet of each one of our lots, on the back end, for the same, said alley to be kept open for a street or alley for ever; and do hereby permit the same to be placed on record as such.

[Hall *v.* McCaughey.]

Said alley is not to be obstructed in any way, except passing through."

McCaughey afterwards became the owner of parts of two of these lots. No. 1256, one of these inlots, was sold for taxes in 1844. Hall subsequently became the owner of both the original and tax titles.

The alley laid out by the agreement was not accepted by the public authorities, nor opened, nor used as *a public street or alley.* It was to some extent, but not to its full width, opened and used by the lotholders. In 1850 Hall built a barn on the back part of his lot, occupying by the building 10 feet of the 20 feet allotted by the agreement for the alley.

The writ issued in the court below July 11th 1863. The declaration was that by reason of the erection of the barn the plaintiff had been " hindered in the use and benefit of said alley with teams and otherwise."

No points were submitted on the trial of the case below.

The court (Johnson, P. J.), after stating the facts, charged as follows:—

" The agreement, dated the 6th of February 1837, by all the then owners of lots in that square, under seal and on record, was a dedication of 20 feet of ground through the square, viz., 10 feet off the back or rear end of each lot, to the public, for public use as a road. Its consideration was their mutual convenience and benefit in the enjoyment each of his own portion.

" It does not create a mere easement, granted by one to another. Its use is not limited to themselves as granted, nor generally to them, their heirs and assigns. Indeed there are no grantees.

" ' We hereby lay out an alley 20 feet wide, and each of us do hereby give 10 feet each off our lots on the back end for the same —said alley to be kept open for a street or alley for ever.'

" This is a clear donation to the public of a highway, with all the attributes of an ordinary one except its width. Viewed as an easement to the owners of the respective lots in that square, mere non-user without actual adverse occupancy, for twenty-one years, would not work a forfeiture of the right. The Statute of Limitations would not in that case run in favour of any one of those grantors, against their own grant.

" Whether it would, in favour of an innocent purchaser for value, without notice, or after a twenty-one years' adverse occupancy, need not be decided, as the defendant is not in that category.

" Viewed as a dedication of the ground as a public highway, no rights can be acquired under the statute against the public. Neither are the public taxable or their rights liable to forfeiture for non-payment of taxes.

" The treasurer's deed, if valid for any purpose, would only

[Hall *v.* McCaughey.]

pass such estate as the former owner possessed. Before its date, in 1844, the owner of lot No. 1256 had shortened it by deed 10 feet. The balance is all he could have conveyed, and is all the treasurer's deed would pass to the purchaser.

" A sheriff's deed would have conveyed no more. The defendant, therefore, is without any legal excuse for erecting and maintaining his barn on ground thus appropriated by one under whom he claims, as an alley or public highway, and the plaintiff, being an owner of a lot in that square, and thus interested in having the alley open and unobstructed in the rear of his lot, is entitled to recover.

" As the object is to settle the question of right, no amount of damages is asked, and your verdict should therefore be for the plaintiff with nominal damages."

The jury found for the plaintiff, with six cents damages.

The defendant excepted to the charge, and in this court assigned errors as follows :—

1. The court erred in charging the jury that the contract given in evidence did not " create a mere easement granted by one to the others."

2. The court erred in charging the jury—" viewed as an easement to the owners of the respective lots in that square, mere nonuser without adverse occupancy for twenty-one years would not work a forfeiture of the right."

3. The court erred in charging the jury that " the treasurer's deed, if valid for any purpose, would only pass such estate as the former owner possessed. Before its date, in 1844, the owner of lot No. 1256 had shortened it by deed 10 feet. The balance is all he could have conveyed, and is all the treasurer's deed would pass to the purchaser."

4. The court erred in charging the jury that " the defendant therefore is without any legal excuse for erecting and maintaining his barn on ground thus appropriated by one under whom he claims, as an alley or public highway, and the plaintiff, being an owner of a lot in that square and thus interested in having the alley open and not obstructed in the rear of his lot, is entitled to recover.

*B. Grant*, for plaintiff in error, argued that so far as the contract proposed to make the strip of land a public alley, it was void until accepted by the public, and therefore it was only an easement to the parties as individuals; and cited Green *v.* Chelsea, 24 Pick. 71 ; Child *v.* Chappell, 5 Seld. 256 ; Mercer *v.* Pittsburgh, Fort Wayne & Chicago Railroad Co., 12 Casey 103 ; Washburne on Easements, &c., p. 139 note 3 ; Id. 244 ; Clements *v.* West Troy, 16 Barb. 251, 253 ; Holmes *v.* Jersey City, 1 Beasly 306, 307.

[Hall *v.* McCaughey.]

The agreement was only a license to use, and the parties or public not having used the alley for more than twenty-one years, and some of the grantors occupying it adversely part or all the time, it has reverted to the owners: Baldwin *v.* Buffalo, 29 Barb. 396.

Lot 1256, including the 10 feet part of the dedication, not having been accepted by the public, was liable to be sold for taxes, and the whole passed to the purchaser at the treasurer's sale: Strauch *v.* Shoemaker, 1 W. & S. 176; Fayer *v.* Campbell, 5 Watts 288.

An individual cannot recover damages for nuisance in a public highway, unless on proof of special damage: Pittsburgh *v.* Scott, 1 Barr 318; Mechling *v.* Kittanning Bridge Co., 1 Grant 419.

*J. H. Walker*, for defendant in error, argued that the cases cited for plaintiff in error were not applicable in their circumstances to this case. The agreement does not create an easement, but a perpetual alley, binding not only the parties to it, but everybody, though the public may never adopt it. The principle of non-user does not apply; it was not dedicated as a public highway; the agreement was on record, and made it "an alley for ever, and not to be obstructed;" the owner of each of the lots must consent to its abandonment, or it must be perpetual; a majority of the lot-owners insisted that the alley must be kept open; neither defendant nor those under whom he claims have obstructed the alley during twenty-one years. The treasurer's deed conveyed only the lot, not the alley, which was by the agreement cut off from it. The obstruction was not to a public highway, but to an alley in the use of which the plaintiff had a private interest, for whose infringement he might recover damages.

The opinion of the court was delivered, November 2d 1865, by
READ, J.—This was an action on the case for obstructing an alley running from east to west through the centre of a block of lots between Eighth and Ninth, Sassafras and Myrtle streets, in the city of Erie. The owners of these lots, on the 6th February 1837, by a written agreement, under seal and recorded on the 18th March following, laid out an alley of twenty feet wide, running from Myrtle to Sassafras street, east and west; and further, each and every of them thereby gave ten feet of each one of their lots on the back end of the said alley, to be kept open for a street or alley for ever, and thereby permitted the same to be placed on record as such. Said alley is not to be obstructed in any way except passing through.

This alley from this moment became an alley of precisely ascertained limits as to length, width, and position in this block of lots, which appear to have been designated by numbers, and

[Hall *v.* McCaughey.]

extended from one street to another, and every owner had a right of passage over the same, without any obstruction, which was expressly prohibited by the agreement of the parties. Both the plaintiff and defendant derive their title from the original owners, who were the parties to this agreement. The defendant purchased lot No. 1256 in 1850, and afterwards erected a barn on the back end, occupying the ten feet which had been thrown into the alley.

The plaintiff was and is the owner of parts of lots 1261 and 1264 in this block, with a right of passage over this alley, and this right of way was obstructed or disturbed by the interposition of the defendant's barn, which reduced the width of the alley from 20 to 10 feet, for which injury the defendant must compensate the plaintiff in damages.

Upon this statement it is clear the plaintiff must recover, and therefore the court might so have instructed the jury. No points were presented to the court; but the counsel for the defendants excepts to the general charge to the jury.

The court, it is true, in their charge, have not distinctly said that this was either a public highway or merely a private alley, but, considering it the latter only, have laid down the law correctly; and none of the authorities cited by the defendant disclose any error in this particular. "Viewed," say the court, "as an easement to the owners of the respective lots in that square, mere non-user without actual adverse occupancy for twenty-one years would not work a forfeiture of the right. The Statute of Limitations would not in that case run in favour of any of those grantors against their own grant."

We see no error in this instruction, for if upon the theory that non-user is equivalent to adverse possession, and no improvements had been made by any one, on any of these lots, and of course no use made of the alley thus laid out by the owners for twenty-one years, then this solemn agreement was abrogated, and all the rights of every proprietor in this alley were entirely extinguished. This clearly cannot be the law, and no case has been found establishing any such rule of placing any such construction on a statute so wholesome when applied to cases within its language and spirit.

It is clear, therefore, that this was not a public highway, but a private alley, which was not affected by the treasurer's deed, and for the disturbance of which the plaintiff was entitled to damages.                           Judgment affirmed.