ASA LOW *vs.* SAMUEL D. TIBBETTS.

York. Opinion February 10, 1881.

*Deed — bounded by a highway.  Monuments.*

The well settled doctrine in this State is, that a grant of land bounded on a highway, carries the fee in the highway to the centre of it, if the grantor owns to the centre, unless the terms of the conveyance clearly and distinctly exclude it.

The mere mention of a monument on the side of the road, or on the bank of a stream, as the place of beginning or end of a line in the description, is not of itself sufficient to control the ordinary presumption, that the grantee will hold to the centre of the road, or the thread of the stream where the road or stream is made the boundary.

ON REPORT.

TRESPASS for hauling certain loads of stone upon the locus which is within the limits of a town way, and the plaintiff claimed

to own the fee. The question presented, called for the construction of a deed from the plaintiff to the defendant, dated June 26, 1857. The description is given in the opinion.

At the trial, the presiding justice was of the opinion that the fee was in the defendant, and a nonsuit was ordered "which is to be set aside, if such construction of the deed was erroneous."

*Asa Low*, for the plaintiff, contended that the deed from the plaintiff to the defendant excluded the way. The boundary line in the deed commences at the side of the road, "on the north-easterly side of the new road," "at the southerly corner of the school house lot as now fenced—not the southerly corner of the lot, but the southerly corner "as now fenced." *Sibley* v. *Holden*, 10 Pick. 249; *Tyler* v. *Hammond*, 11 Pick. 193; *Olinda* v. *Lothrop*, 21 Pick. 292; *Phillips* v. *Bowers*, 7 Gray, 24; *Smith* v. *Slocomb*, 9 Gray, 36; *Revere* v. *Leonard*, 1 Mass. 91; *Oxton* v. *Groves*, 68 Maine, 371; *Cottle* v. *Young*, 59 Maine, 105.

*R. P. Tapley*, for the defendant, cited: *Oxton* v. *Groves*, 68 Maine, 371, and cases there cited. *Perkins* v. *Oxford*, 66 Maine, 545.

BARROWS, J. The question is, whether the fee in the locus (which is a strip about twelve rods in length, by forty-four feet in width, being a section of a duly located street in the village of Spring Vale, running along the bank of Mousam river, cutting a lot formerly owned by the plaintiff very unequally, and leaving the largest part of it on the side farthest from the river, and a little irregularly shaped land between street and river) is in the plaintiff, or in the defendant.

After the street was built, plaintiff conveyed his lot to defendant, describing first the more important part, as "situate in the village of Spring Vale . . . beginning on the north easterly side of the new road leading from the Province Mills Bridge to the cotton mill, and at the southerly corner of the lot as now fenced belonging to school district number one, . . and running (course given) by said road . . . to a stake," and thence around the rear of the lot, "to the place begun at; also the land now owned by said Low between said road and Mousam river."

The well settled doctrine in this State is, that a grant of land bounded on a highway, carries the fee in the highway to the centre of it, if the grantor owns to the centre, unless the terms of the conveyance clearly and distinctly exclude it, so as to control the ordinary presumption. *Oxton* v. *Groves,* 68 Maine, 372. Here the principal piece is bounded by the road as a monument or abuttal. So is the land lying opposite "between the road and the river."

Is there enough in the language used, to exclude the street from the conveyance? The mere mention in the description of a fixed point on the side of the road as the place of beginning or end of one or more of the lot lines, does not seem to be of itself sufficient. *Cottle* v. *Young,* 59 Maine, 105, 109 ; *Johnson* v. *Anderson,* 18 Maine, 76 ; nor will similar language, with reference to monuments standing on or near the bank of a stream, in lines beginning or ending at such stream, prevent the grantee from holding *ad medium filum aquae. Pike* v. *Monroe,* 36 Maine, 309 ; *Robinson* v. *White,* 42 Maine, 210, 218 ; *Cold Spring Iron Works* v. *Tolland,* 9 Cush. 495, 496. The case of *Sibley* v. *Holden,* 10 Pick. 249, cited by plaintiff, was commented on by this court, in *Bucknam* v. *Bucknam,* 12 Maine, 465, and that of *Tyler* v. *Hammond,* 11 Pick. 193, in *Johnson* v. *Anderson,* 18 Maine, 78 ; and the apparent force of these decisions is somewhat restricted and explained, by the learned court which pronounced them, in *Newhall* v. *Ireson,* 8 Cush. 598, and *Phillips* v. *Bowers,* 7 Gray 24 ; although it is apparent from the last case and from *Smith* v. *Slocomb,* 9 Gray, 36, that the Massachusetts court lays less stress upon the ordinary presumption, and requires less distinctness in the terms of the deed to obviate it, than we have done in the cases above cited from the 18th, 59th and 68th of our own reports. See also, Perkins' note to *Sibley* v. *Holden,* in the second edition of Pickering's Reports, vol. 10, p. 251.

Had the plaintiff run his first line "by the north easterly side line of said road," instead of "by said road," and conveyed the land "lying between the southwesterly side line of said road and Mousam river", instead of that "lying between said road and Mousam river," a different question would have been presented.

In the absence of the very few words which were necessary to make plain an intention on the part of the plaintiff to reserve the fee in the land covered by the street to himself, we think the ordinary presumption and construction must prevail.

*Nonsuit confirmed.*

APPLETON, C. J.,   WALTON, VIRGIN, LIBBEY and SYMONDS, JJ., concurred.