# CHARLESTON.

STATE v. CHENEY et al.

Submitted Jan. 15, 1897—Decided Dec. 3, 1898.

1. TAXATION—*Forfeiture—Nonentry—Constitutional Law.*

Under the act 1869, and under section 6, Article XIII of the Constitution, forfeiting land for nonentry on the tax books, where a tract lies partly in one county and partly in another, entry in the county wherein the greater part lies saves the whole tract from forfeiture. Entry in either county would likewise save it. (p. 480).

2. TAXATION—*Forfeiture—Nonentry—Patent—Constitutional Law.*

Where a patent is for a tract of land of a given number of acres, and it is entered for taxes accordingly, the fact that the tract contains a greater quantity will not forfeit the whole or the excess

for nonentry for taxation, under chapter 125, Acts 1869, or section 6, Article XIII. of the Constitution  (p. 482).

3. TAXATION—*Forfeiture—Nonentry—Constitutional Law.*
    Acts 1869, chapter 125, and section 6, Article XIII. of the State Constitution, forfeiting land for nonentry for taxation, are not repugnant to amendment 14 of the Constitution of the United States. (p. 482).

Appeal from Circuit Court, Clay County.

Bill by the State against M. A. Cheney and others to sell forfeited lands.  Bill dismissed and the State appeals.

*Affirmed.*

E. R. ANDREWS, for the State.

BROWN, JACKSON & KNIGHT, for appellees.

BRANNON, PRESIDENT :

In 1895 the State filed its bill in chancery in the circuit court of Clay County, against M. A. Cheney and others, to sell ten thousand acres of land as forfeited for nonentry for taxation, and the court decreed that the land had not been forfeited, and dismissed the bill, and the State appeals. On July 21, 1797, Virginia, by patent, granted to Jacob Skyles a tract described as containing thirty-two thousand and ninety-seven acres of land in Kanawha County; and after Nicholas County was formed, the land was in it; and, after Clay County was formed, a quantity of ten thousand acres of the tract fell in Clay County.  None of this land was entered for taxation in Clay from its formation, in 1858, to 1891; but ten thousand acres of it was in that year, and up to 1895, charged there with taxes.  The tract was charged in Kanawha, and afterwards in Nicholas County, from the date of the grant till 1894, and all taxes paid.  In 1869 a survey revealed the fact that the tract contained a greater acreage than the patent stated, forty thousand three hundred and seventy-two acres, instead of thirty-two thousand and ninety-seven.  Before this the charge for taxation had been largely less than the true quantity:  but after 1869 it was charged at Forty thousand three hundred and seventy-two acres in Nicholas.  It is on the omission to charge any of it in Clay from 1858 to 1891 that the bill bases its prayer for the sale of the ten thousand acres lying

in Clay. True, the argument of counsel refers to the fact that up to 1869 too small a quantity was charged in Nicholas; but that, if material, is not a fact stated in the bill as a basis of relief, but only the omission in Clay. The charge in Nicholas was for quantity on the basis of the patent call, less some sales from time to time, up to 1869, when the survey disclosed a greater area, after which it was entered for that quantity. In fact, when the county court of Clay entered ten thousand acres for taxes in that county, and the true quantity was still kept up in Nicholas, there was double taxation for several years; but that is not material.

Does the fact that the land was charged in Nicholas, when part of it was in Clay, forfeit that part in Clay? I do not understand the State's counsel as distinctly taking this stand. If he so mean, the stand is not tenable. Forfeiture of lands is a harsh, even dreadful, remedy; and courts lean from it, and never apply it except where the law clearly warrants. The above question is to be answered, first, under the act of 1869, (Code 1868, c. 31, s. 34 ; Acts 1869, p. 90), and then under section 6, Article XIII., Constitution, as there was no forfeiture law from 1835 till 1869, though that of 1869 retroacted to 1832. This act of 1869 declared a forfeiture for five successive years of nonentry "on the land books of the proper assessor." Which was the proper assessor? The act of 1859–60 (Code 1860, c. 35, s. 26) says: "Land lying partly in one county and partly in another shall be entered by the commissioner of the county in which the greater part lies, but entry and payment of taxes in the county where any part is situated, shall, for such time, be a discharge of so much of the taxes as may be so charged and paid." Acts 1863, c. 118, s. 25, was likewise. As the greater part of this land was in Nicholas, its entry there was "on the proper assessor's land book," thus complying with the act of 1869. From 1858 to 1869 the law did not require this land held under one patent as an entire tract to be divided as to assessment, so as to charge part in Clay. So there is clearly no forfeiture under the act of 1869. After that act, till the Constitution of 1872, that was still the rule, under section 32, chapter 29, Code 1868.

Next, as to the Constitution : What did it demand? "It shall be the duty of every owner of land to have it entered on the land books of the county in which it, or a part of it, is situated, and to cause himself to be charged with the taxes thereon and pay the same. When for any five successive years after the year 1869, the owner of any tract of land containing one thousand acres or more, shall not have been charged on such books with state taxes on said land, then by operation hereof, the land shall be forfeited and the title vest in the State." This does not demand of the owner that he shall survey his land to see in which county the greater part lies, and that he shall run the risk of losing it if he errs therein, but relieves it from forfeiture if any part lies in the county wherein he enters it for taxation. The Constitution, as also the act of 1869, forfeited only for failure to pay state taxes; and it was immaterial as to state taxes in which county it was charged, as they would be paid wherever charged. So, the entry in Nicholas saved from any forfeiture. Acts 1875, c. 54, s. 32, directed the assessor to enter the land in the county where its greater part lay. Chapter 98, Acts 1877, directed that it be charged by the assessor in the county wherein the greater part in value lay, but provided that entry and payment in any county where any part lay should be a discharge for the whole state taxes on it. So did the act of 1879. The Act of 1881 (Code 1891, c 29, s. 32) enacts, as to tracts of more than one thousand acres lying in different counties, that they shall be entered in each magisterial district to the extent, as near as may be, the same lies therein. This was the first act cutting an entire tract up for taxation. It was to let each county and district have its share of tax. But what is this? It is only directory to the officer. As to the landowner, the paramount Constitution says his land shall not be forfeited, if entered where any part of it lies. The Constitution repealed the act of 1869, and so its exaction, that, to save forfeiture, the entry should be on the land book "of the proper assessor," ended. Up to the act of 1881 the assessment was in the proper county. Under it the clerk should apportion: But that is immaterial as regards forfeiture. Therefore entry in Nicholas clearly prevents forfeiture unless entry for too small a quanti-

ty produces forfeiture. The State claims that it forfeits the excess beyond question. I think it beyond question that it does not.

Before the patent to Skyles, the surveyor surveyed the entry, reported quantity, the State issued a grant for that quantity, and entry for taxation was of the tract as such, not of or by acres, but by exterior boundary, we may say. It cannot be that if a patent calls for five thousand acres, but its boundaries include six thousand, any of it is forfeited, It is the tract entered, not acres. Does the patentee know of the excess? The State has certified it to be five thousand acres. Whose tract would be safe? Old grants have often been found to contain excess. Then, what particular part is forfeited? What right has the State to elect to take the excess out of that part in Clay? Assessment of wrong number of acres does not render it bad. Desty, Tax'n, 567. There is no forfeiture.

The question is raised that these forfeiture laws are unconstitutional, because in conflict with amendment 14 to the Constitution of the United States. We hold them valid, for reasons stated in *State* v. *Sponaugle*, 45 W. Va. 415, (32 S. E. 283). We affirm the decree.

*Affirmed.*