# CHARLESTON.

THE HANCHETT-BOND COMPANY *v.* PAYNE BROTHERS COMPANY

(No. 6699)

Submitted October 7, 1930.   Decided October 14, 1930.

*Payne, Minor & Bouchelle,* for appellant.

*O. B. Bobbitt, Philip H. Hill,* and *Edgar S. Moses,* for appellee.

LIVELY, PRESIDENT:

This chancery proceeding was instituted by the Hanchett-Bond Company, a corporation, to enforce paving liens claimed by it by virtue of paving certificates issued by the city of Charleston to M. J. Smith, plaintiff's assignor of said certificates, against seven lots owned by defendant, Payne Brothers Company, a corporation. Defendant denied the legality of the liens on the ground that there had been no dedication of the alley, paved by the city, to public uses. The decree of the chancellor, in which defendant charges error, granted to plaintiff the relief it sought.

By decree of the circuit court of Kanawha County in 1906, the Otto Brockerhoff-Payne Addition, situate in what is now known as West Charleston, was partitioned. Commissioners,

# OTTO BROCKERHOFF
### AND
# PAYNE
## WEST-SIDE

~FILED~ JAN 25TH 1906

Scale 1 in. = 50 Ft.

Kanawha River

Elk River

Monongahelia St.

Columbia Br.

Line of Curbing

Virginia St.

John S. Cole
Nov. 1905.

appointed to partition the land, had, pursuant to the court's order, employed an engineer to survey and plat the land. The decree of the court approving and confirming the work of the commissioners provided that:

> ''Monongalia Street is established at forty-seven (47) feet in width, and that a street extended along Elk River front from Virginia Street was projected along *and* property fronting on Kanawha River and established at twenty (20) feet in width, and designated as Columbia Boulevard, and that in the survey of said property fronting on Virginia Street, the said lots were laid off beginning ten feet from the line of the curb of said street, extending back to an alley established fifteen (15) feet in width and that the line of said lots fronting on Pennsylvania Avenue are likewise ten feet from the curb of said Avenue. And it further appearing from said reports that said Commissioners established an alley thirteen (13) feet wide extending from the alley aforesaid to Monongalia Street on a line of the said Gallagher lot and in the rear thereof, and that they recommend that all of said lots be conveyed subject to said alleys and that those fronting on Elk River and Kanawha River be conveyed to low water mark of said respective rivers, subject to the Street or Columbia Boulevard as shown on said map.''

The plat, showing the lots, their dimensions, and the streets and alleys created in the partition proceedings was filed in the office of the county clerk of Kanawha County. A photostat copy of the plat will make the controversy clearer:

(See accompanying map).

In 1925 the city of Charleston, by resolution, ordered the paving of the alley north of Monongalia Street, which is the alley described in the partition decree as being fifteen feet in width. Defendant, as owner of Lots 1 to 7, inclusive, of the Addition, protested against the paving of the alley, alleging that there had been no dedication of the alley to public purposes. Defendant likewise notified the paving contractor. About one year after the passage of the resolution, the alley

was paved, and the city issued paving certificates against defendant's property abutting on said alley.

The pivotal issue is, has there been a dedication of the alley to public use? The foundation of every dedication is, of course, the intention of the owner to set apart land for public use; and the declaration of such intention must be clear, deliberate, and unequivocal. *Miller* v. *City of Bluefield*, 87 W. Va. 217. The contention of plaintiff is that the decree in the partition suit and the filing of the plat suffice to establish the dedication. The stipulation of facts is silent on proof of the municipality's control of the alley, sale of lots in the addition with reference to the map, or the paving of the streets delineated on the plat—facts which are generally relied upon to prove a public easement in a street. That Columbia Boulevard and Pennsylvania Avenue have been paved by the city of Charleston and have become a part of its avenues of travel, was admitted by defendant's counsel during argument, when, upon inquiry from the court, plaintiff's counsel stated, and defendant did not deny, that the other alley shown on the map had been paved also. The bill of complaint alleges, and defendant's answer admits, that defendant acquired title to Lots 1 to 7, inclusive, of the Otto Brockerhoff-Payne Addition by purchase, reference being made to the map of the addition for a more particular description. The fact that defendant's grantor (W. D. Payne) recognized the map filed in the partition suit is a material allegation, and is indicative of the further fact that conveyances had been made with reference to the plat. Since the allegation was admitted by defendant's answer, no further proof thereof is required. Code, 1923, chapter 125, section 36. The agreed facts relate that "abutting property owners" constructed a sewer in the alley with the city's permission. Are the "abutting property owners" the original co-tenants in the partition suit, or are they purchasers of lots whose descriptions find their boundaries established in the map? The city authorities had placed cinders in the alley on several occasions. Did the defendant know of the city's acts? The stipulation of facts is woefully deficient of these evidentiary matters, the omission of which has made the case a bothersome one. The assumption that the court may glean

from a stipulation of facts matters which seem apparent to counsel is both dangerous to the litigants and unfair to the court.

On what positive evidence, then, may the court rely to determine the issue? The decree in the partition suit and the map filed therein are interdepedent. The lots conveyed to each of the co-tenants under the terms of the decree were conveyed with reference to the map. Without it the boundaries of the respective lots could not be determined. The land was platted into numerous small lots and partitioned among three groups of co-tenants, and those lots which each received were scattered and not contiguous. Defendant, relying on *Mac-Corkle* v. *Charleston*, 105 W. Va. 395, argues that the land was partitioned for occupancy. In the *MacCorkle* case, the court was not called upon to distinguish between a partition for occupancy and one for sale. In that case the partition deed definitely settled the purpose of laying off the alley: it provided that each grantee was to have full use and enjoyment of the alley. The court did not then have to depend on presumptions of law or intent of parties on which to base its decision. The very manner of partition in the instant case excludes the idea that the land was partitioned for occupancy, and very clearly shows that the co-tenants contemplated a sale of the land. Defendant argues that the alley was established solely for the benefit of owners of abutting lots. Ten of the lots as shown on the plat do not abut on the alleys. It could not be successfully contended that the purchaser of one of the ten lots, who had bought with reference to the plat, would not have had an easement in these alleys. *Rudolph* v. *Imp. Co.*, 103 W. Va. 81. The partition decree provided for the conveyance of the lots, as platted, "subject to said alleys", and further that defendant's predecessor in title should "have no interest, whatever, in the remainder of said property". The language of the decree is certainly not indicative that the alleys and streets were reserved for the benefit of the co-tenants. The map was recognized by and became a part of the proceedings, and the parties to the partition suit received their conveyances with reference thereto. While the record is silent on the question, it is likely that the plat filed was in fact

that of the parties themselves. Regardless of that probability, it is certain the plat was consented to by all the parties at the time of the decree. It became their plat by acquiescence. *Hunter* v. *City of Des Moines,* 123 N. W. (Iowa) 215. We are, therefore, of the opinion that the platting of this land into an addition and the subsequent sale of land with reference to the plat effected a dedication of the streets and alleys delineated thereon.

Defendant argues that even though there had been a dedication of the alley, it was withdrawn when defendant, through W. D. Payne, protested to the city council. Such a contention presupposes there had been no acceptance by the municipality. *Beckley* v. *Crouch,* 107 W. Va. 342, 348. Without comment as to whether Payne's protest is tantamount to a withdrawal of the offer, the court believes that the act of the city council in passing a resolution to pave the alley was such clear and unequivocal evidence of its acceptance of said alley as a public way as to bring the cause within the rule stated in *Town of Glendale* v. *Imp. Co.,* 103 W. Va. 91, and *Beckley* v. *Crouch, supra.*

The decree of the lower court is affirmed.

*Affirmed.*