JAMES KARTHEISER, RENEE CASELLI AND JOHN CASELLI, Appellants/Respondents, *v.* DARYL B. HAWKINS, Respondent/Appellant.

No. 13190

June 3, 1982                    645 P.2d 967

*Embry & Shaner, Ltd.,* Las Vegas, for Appellants.

*Gordon L. Hawkins,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

The respondent, Daryl B. Hawkins, commenced this action to quiet title to two residences held in the name of Robert Durfee, not a party to this action.

The residences were acquired as part of a joint venture agreement between Durfee and the appellants who contributed $10,000 to the properties.

Durfee, who became pressed by his creditors, decided to leave the country. Before doing so, however, he gave the appellants two $8,000.00 deeds of trust covering each residence and a quit claim deed to each of the properties.

Respondent Hawkins who had previously acquired a judgment against Durfee levied on both residences and obtained a Sheriff's deed to each of the properties. Hawkins then commenced the instant action to quiet title to the properties. Appellants answered that they were "mortgagees in possession" and

counter-claimed for an accounting of the rents collected by Hawkins.

The district judge ruled that appellants had an $8,000.00 security interest in each property, as reflected in the recorded deeds of trust (the quit claim deeds were never recorded); that Durfee owned the remaining equity in the residences. The court granted a judgment of quiet title to the properties to Hawkins subject to the two $8,000.00 deeds of trust held by appellants.

The appellants' principal argument on appeal is that at the time of the Sheriff's sale of the properties to Hawkins, Durfee had no equity in the properties as he had quit claimed his interest in the properties to the appellants when he delivered to the appellants the two $8,000.00 deeds of trust.[1]

The district judge found that when Durfee delivered the quit claim deeds to the appellants contemporaneously with the delivery of the deeds of trust, it was only for the additional purpose of securing the appellants' $8,000.00 interest in each of the properties. "A deed absolute on its face may be shown to be a mortgage in equity. . . . In such cases the form of the transaction will be disregarded and its substance and the intention of the parties at the time will control." Robinson v. Durston, 83 Nev. 337, 339, 432 P.2d 75, 76 (1967). The intentions of the parties are determined from all the circumstances surrounding the transaction. Rizo v. Macbeth, 398 P.2d 209 (Alaska 1965). The appellants chose to record the deeds of trust rather than the quit claim deeds; they filed notice of breach under the deeds of trust and commenced foreclosure proceedings. Appellants alleged in their answer that they were mortgagees in possession. The record supports the judge's finding.

Remaining assignments of error have been considered and found meritless. The judgment of the district court is affirmed.

GUNDERSON, C. J., MANOUKIAN, SPRINGER, and MOWBRAY, JJ., and ZENOFF, SR. J.,[2] concur.

---

[1]Hawkins has cross-appealed, claiming the court erred in finding there was $8,000.00 due on each of the deeds of trust. Substantial evidence supports the court's finding that the sums were due.

[2]The Chief Justice designated THE HONORABLE DAVID ZENOFF, Senior Justice, to sit in the place of THE HONORABLE CAMERON M. BATJER, Justice, retired. Nev. Const., art. 6, § 19(1)(c); SCR 10.