IN THE SUPREME COURT OF THE STATE OF NEVADA

|  |  |
|---|---|
| ANTHONY S. NOONAN IRA LLC, A NEVADA LIMITED LIABILITY COMPANY; AND MERIDIAN PRIVATE RESIDENCES HOMEOWNERS ASSOCIATION, A NEVADA NON-PROFIT CORPORATION, Appellants, vs. MARCHAI B.T., Respondent. | No. 79291 <br><br> **FILED** <br><br> FEB 02 2021 <br><br> ELIZABETH A. BROWN CLERK OF SUPREME COURT BY S. Young DEPUTY CLERK |

### ORDER OF REVERSAL

This is an appeal from a final judgment in an action to quiet title. Eighth Judicial District Court, Clark County; J. Charles Thompson, Judge; Richard Scotti, Judge.[1]

Relying on a letter that Red Rock Financial Services (Red Rock), Meridian Private Residences Homeowners Association's (HOA) foreclosure agent, sent to all beneficiaries of record for the first deed of trust, the district court found that the HOA foreclosed on only the subpriority portion of its lien. Accordingly, the district court granted judgment in favor of respondent Marchai B.T., the current beneficiary of the first deed of trust. Appellants Anthony S. Noonan IRA LLC (Noonan), the foreclosure-sale purchaser, and the HOA appeal the district court's order, arguing that the Red Rock letter alone is insufficient evidence to conclude that the HOA intended to foreclose only its subpriority lien. We agree.

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

21-03195

We review de novo a district court's legal conclusions but do not disturb its factual findings "unless they are clearly erroneous or not supported by substantial evidence." *Wells Fargo Bank, N.A. v. Radecki*, 134 Nev. 619, 621, 426 P.3d 593, 596 (2018). To determine whether a foreclosure sale was a superpriority or subpriority sale, we look to the intent of the parties to the foreclosure deed. *See City Motel, Inc. v. State ex rel State Dep't of Highways*, 75 Nev. 137, 141, 336 P.2d 375, 377 (1959)). "The intentions of the parties are determined from all the circumstances surrounding the transaction." *Kartheiser v. Hawkins*, 98 Nev. 237, 239, 645 P.2d 967, 968 (1982). Intent is determined by considering, among other things, the language of the deed.[2] *Dayton Valley Inv'rs, LLC v. Union Pac. R.R. Co.*, 664 F. Supp. 2d 1174, 1185 (D. Nev. 2009).

Noonan and the HOA argue that the district court erred by relying on the Red Rock letter as evidence of the HOA's intent to foreclose only on its subpriority lien. Although the Red Rock letter erroneously stated that the HOA's liens were subordinate to the first deed of trust, a party's "subjective belief[ ] as to the effect of the foreclosure sale" cannot alter the actual effect of an otherwise valid sale. *Radecki*, 134 Nev. at 622, 426 P.3d

---

[2]We reject Marchai's argument that the HOA's intent to comply with its CC&Rs is evidence of its intent to conduct only a subpriority foreclosure. *See SFR Invs. Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. 742, 757, 334 P.3d 408, 419 (2014)(stating that such an argument is defeated by NRS 116.1104 because that statute prohibits parties from modifying or waiving the rights conferred by NRS Chapter 116), *superseded by statute on other grounds*. Similarly, we reject Marchai's argument that the distribution of the sale proceeds is evidence of the HOA's intent. *See Saticoy Bay LLC Series 9050 W. Warm Springs 2079 v. Nev. Ass'n Servs.*, 135 Nev. 180, 185, 444 P.3d 428, 433 (2019) (explaining that a violation of NRS 116.31164 simply raises a separate claim against the party conducting the sale but does not provide a basis to invalidate the sale).

at 597; *see also Marchai B.T. v. Beacon St. Homeowners Ass'n*, Docket No. 77729, at *3 (Order of Affirmance, Nov. 15, 2019) (reasoning that neither "the HOA's [n]or its agent's uncertainty regarding the effect of the foreclosure sale alter the actual legal effect of the sale"). Further, it is undisputed that Marchai never received the Red Rock letter due to a prior assignment error. Notably, however, Marchai did receive notice of the sale before it occurred and thus had the opportunity to act to protect its interests in the property but failed to do so. Because Marchai did not rely on this letter, we refuse to permit Marchai to retroactively interpret the Red Rock letter to protect its interests and alter the legal effect of an otherwise valid sale. *See Radecki*, 134 Nev. at 622, 426 P.3d at 596. As such, we conclude that the district court erroneously relied on the Red Rock letter to find that the HOA intended to conduct a foreclosure sale only on its subpriority lien, and thus, this finding is not supported by substantial evidence. *See id.* at 621, 426 P.3d at 596.

Instead, we consider the notice of sale and the language of the foreclosure deed and conclude that both are evidence that the HOA intended to conduct a superpriority sale. The language of the foreclosure deed demonstrates that the HOA intended to relinquish all its rights against the property by specifying that the HOA "does hereby grant and convey . . . all its right, title[,] and interest in and to [the property]." *See Dayton Valley Inv'rs*, 664 F. Supp. 2d at 1185 (explaining that the language of an instrument is a circumstance demonstrating intent). The notice of foreclosure indicated that the total lien amount was $38,111.58. The parties do not dispute that this amount included the HOA's superpriority lien. *See Marchai B.T.*, Docket No. 77729, at *2, *4 (affirming a district court's determination that the HOA conducted a superpriority foreclosure sale in

part because the HOA's account ledgers showed that the homeowner had failed to pay the HOA monthly assessments, and "the publicly recorded foreclosure notices and trustee's deed indicate that the entirety of the HOA's lien was foreclosed upon"). Accordingly we

ORDER the judgment of the district court REVERSED.[3]

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc: Chief Judge, Eighth Judicial District Court
Eighth Judicial District Court, Department 2
Hon. J. Charles Thompson, Senior Judge
Kristine M. Kuzemka, Settlement Judge
Lipson Neilson P.C.
Shumway Van
Hutchison & Steffen, LLC/Las Vegas
Eighth District Court Clerk

---

[3]Given our decision, we need not address appellants' remaining arguments raised on appeal.